[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION 108.01 MOTION FOR ALIMONY AND CHILD SUPPORT AND MOTION 110.00 MOTION FOR MODIFICATION
This case comes to this court on a motion to modify CT Page 3668 alimony and child support filed by the ex-wife dated August 28, 1991 and filed as motion 108.1 (Ex-wife is hereinafter called the wife).
The wife is asking for an increase in amounts paid. This case also comes to this court on a motion to modify filed by the ex-husband (hereinafter called the husband) dated August 15, 1991 and filed as motion 110.00 seeking a decrease in amounts paid. The parties resolved between themselves the alimony and accordingly reduced it to $1.00 per year and that was made an order of this court.
The question for this court is what should happen concerning: (1) the child support payments (2) the payments of tuition for private (Catholic School) (3) the payments on the arrearage of $13,839.00 as agreed on between the parties and the weekly payment thereon of $40.00 per week all as agreed on.
The parties both claim a substantial change in circumstances. The current order without the assistance of the court would be as follows:
(1) $40.00 per week on the arrearage (as agreed on between the parties)
(2) $54.19. per week on the school tuition (based on payments over 10 months as shown on the husband's affidavit)
(3) $200.00 per week child support which is the current order.
The total weekly payment would be $294.19.
The husband will also have to pay some weekly amount to get the life insurance he has agreed to obtain in the some of $75,000.00 payable to the children as beneficiary. He was given 60 days to get this insurance. This court has assumed that he will get that insurance and that it will cost him some CT Page 3669 weekly amount to pay for that insurance.
The court finds that it was the legislative intent in establishing the child support guidelines to make them a tool of efficient and uniform orders for child support.46b-215b provided that the court shall consider the guidelines. There is a rebuttable presumption that the amounts that result from the application of the guidelines are to be ordered. To rebut the presumption this court must find that the application of the guidelines would be inequitable or inappropriate as determined by criteria established under 46b-215b (a).
The court has further considered all relevant statutory criteria including but not limited to the relevant criteria set forth in 46b-215b (b). The child support guidelines as established are relevant only to net income. They do not take into consideration expenses. This statute is a legislative function. Our legislature has chosen not to look at expenses but only net income. Therefore this court follows the clear legislative intent.
The court finds that the husband is presently making more money than at the time dissolution. His net in 1985 was $438.00. His net in 1992 is $518.00. He also has new wife who puts in somewhere between $150.00 and $300.00 into the joint checking account to pay bills. The court has taken into consideration the husbands present current wife's net income only as relates to the payment of the husband's current expenses. This is a material factor in determining his current net income.
The husband is not paying the following items on his financial affidavit: (1) the mortgage of $343.62 per week (2) $150.00 of the child support (3) the alimony of $20.00(4) the mortgage on the Waterbury house of $129.80.
At the time of dissolution the husband did not own a home and he has testified that he will be probably be losing his home to foreclosure. The court finds that he has failed to sustain his burden of proof that there is a substantial change in the circumstances of either party to modify the orders. The husband has voluntarily gotten himself into his large debt.
The court also finds that the wife has not sustained her burden of proof that there is a substantial change in the circumstances of either party to modify the orders upward.
The court finds that the guidelines apply. The court orders the husband to pay as child support under the guidelines $223.00 per week. The court finds that the tables provide that CT Page 3670 with a net income of $518.33 the husband's range is between $213.00 per week or (41 per cent) and $240.00 per week (or 45 percent) based on ages 0 through 11 and 12 through 17. This court has taken 43 percent and finds the amount due under the guidelines to be $223.00. The court has not taken into consideration the wife's income since paragraph 19 of the separation agreement of the parties incorporated into the decree of dissolution, indicates the wife's earnings will not constitute a basis for modification.
In deviating from the amount under the guidelines, the deviation criteria state that the court may consider the extraordinary education expenses of the children. The court deviates from the guidelines because of the husband's obligation to provide school and orders a partial credit of $23.00 for that obligation. That amount if multiplied over a 52 week period is $1196.00 or approximately one half of the tuition. So that the effective order of child support is $200.00 per week.
The court denies the request of the husband to modify the tuition payments for the minor child. The court notes that the husband will be receiving $4000.00 in an income tax refund during 1992 which will more than pay for that tuition. The payments on the arrearage of $40.00 per week is ordered as it was agreed to by the husband.
All other requests of the parties if any are denied.
The effective order of this court is as follows:
 (1) $200.00 a week child support under the guidelines as deviated from.
 (2) $54.19 on the school tuition (paid out as shown on the husband's financial affidavit over a ten month period).
(3) $40.00 per week as agreed on the arrearage.
 (4) This is a total payment of $294.19 for the period of time the tuition is being paid. When the tuition is not being paid the total payment will be $240.00.
A wage execution may issue since the parties have not signed the waiver, only the husband has signed it.
Orders may enter accordingly.
EDWARD R. KARAZIN, JR, JUDGE. CT Page 3671